IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRACY A. ARNOLD

    Plaintiff,

v.          Case No.: 3:09-cv-572-RV-MD

NORTH OKALOOSA MEDICAL
CORPORATION d/b/a NORTH
OKALOOSA MEDICAL CENTER,

    Defendant.
_____/

**ORDER**

The defendant, North Okaloosa Medical Corporation d/b/a North Okaloosa Medical Center, has filed a motion for summary judgment (doc. 32). The plaintiff, Tracy A. Arnold, has not opposed this motion.[1]

**I. Background**

The following facts are taken from defendant's statement of facts in support of its motion for summary judgment. Pursuant to Local Rule 56.1, which addresses summary judgment motions, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party." Accordingly, because the plaintiff has not opposed the summary judgment motion, these facts are undisputed.

---

[1] The motion was filed on July 1, 2010. Nineteen days later, on July 20th, I entered an order stating that the motion would be taken under advisement by the court on August 3rd, and that all relevant documents and materials were required to be filed by that time.

In September 2006, the defendant hired the plaintiff as a phlebotomist in its laboratory department. The written job description for this job required occasional lifting, carrying, and/or pushing up to (and in excess of) fifty pounds. The plaintiff signed the job description and specifically acknowledged: "I have reviewed these job requirements and verify that I can perform the minimum requirements and essential functions of this position." In early 2007, the plaintiff became pregnant. The pregnancy was high risk, and her obstetrician restricted her to lifting, carrying, pushing, and/or pulling no more than six to ten pounds. Because these restrictions meant that she could not meet her job description, and because the defendant had a written policy which provided that employees would not be allowed modified or restricted duty (unless such restrictions were necessitated by an on-the-job injury), the plaintiff was placed on leave under the Family Medical Leave Act ("FMLA").

On October 18, 2007, the plaintiff went into labor, but the baby expired. By letter dated November 15th, her doctor excused her from work through December 1st. By letter of December 14th, the defendant advised the plaintiff that if she did not return to work prior to the expiration of her FMLA status (on December 18th) then her phlebotomist position would not be guaranteed. The plaintiff received the letter, but did not return to work at that time. Thereafter, on January 7th, she was advised that her position was no longer guaranteed and that if she did not start in another position with the company by March 19th, she would be discharged. She inquired about other job positions with the defendant, but the positions had already been filled. Because she did not return to work in her phlebotomist position before the exhaustion of her FMLA leave, and did not timely return to another position at the company, she was terminated on March 19, 2008.

On or about November 25, 2009, the plaintiff filed a two-count complaint in the Circuit Court in and for Okaloosa County, alleging pregnancy discrimination in violation of Title VII and the Florida Civil Rights Act. In this complaint, the plaintiff

did not appear to challenge the discharge decision for her failure to return to work. Rather, in contravention of the written job description for her position, she alleged that her phlebotomist duties "did not ever require any lifting over 5 pounds." She thus claimed that defendant had improperly placed her on FMLA leave in the first place because "she was still able to perform her customary duties." She further suggested in her complaint (and intimated during deposition) that if she had been unable to perform her job, she should have been given a more sedentary position ("a sit down job") instead of being put on leave, as the defendant had done with other unnamed employees in the past. She alleged that putting her on FMLA leave (and/or not providing a sedentary position) "imposed a disparate impact on Plaintiff on the basis of sex." The defendant removed the case to this court and now moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**II. Discussion**

Summary judgment pursuant to Rule 56 is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); accord Equity Investment Partners, LP v. Lenz. 594 F.3d 1338, 1345 (11th Cir. 2010).

As previously noted at the outset of this order, the plaintiff has not opposed the defendant's motion for summary judgment. Under the Local Rules of this court, that is an adequate basis, in and of itself, to grant the motion. See N.D. Fla. Loc. R.

7.1(C)(1) ("Failure to file a response memorandum [to a motion] may be sufficient cause to grant the motion."). However, I have undertaken an independent review of the case. After reviewing the motion, supporting materials, and relevant case law, I find that there is no genuine issue of material fact and that the defendant is entitled to summary judgment. As the defendant accurately notes, the facts of this case are remarkably similar to the facts presented in Spivey v. Beverly Enterprises, Inc., 196 F.3d 1309 (11th Cir. 1999), and McQueen v. AirTran Airways, 2005 WL 3591100 (N.D. Fla. Dec. 30, 2005), cases in which the courts rejected both arguments that the plaintiff advances here. In McQueen, for example, the pregnant employee was involuntarily put on FMLA leave because her doctor had imposed lifting restrictions that were beyond her written job description. The employee claimed, however, that she was "willing and able to perform her duties" and that her employer had put her on FMLA leave merely as a "ruse" for pregnancy discrimination. The district court noted that the job description expressly required that she be capable of lifting more than her doctor authorized, and to require the employer to ignore that restriction (even though the plaintiff claimed that she could do it) "'would trap employers between the Scylla of liability for following medical advice and the Charybdis of different liability for ignoring the same.'" McQueen, supra, 2005 WL 3591100, at *4 (citation omitted).[2]

      As for the plaintiff's claim that she should have been given a modified (or more sedentary) position in lieu of being placed on FMLA leave, Spivey directly forecloses that claim. See 196 F.3d at 1312-13 (holding that employers are under no obligation to provide pregnant employees with modified job duties even though employees injured on-the-job might be allowed such modified duty; the law "does

---

[2] I also note that the record contains no evidence that the lifting requirement in the job description was not bona fide and/or not enforced against all employees equally (as the plaintiff had impliedly alleged in her complaint).

Case No.: 3:09-cv-572-RV-MD

not require that employers give preferential treatment to pregnant employees" and, therefore, employers are "free to provide an accommodation to employees injured on the job without extending this accommodation to pregnant employees"). In any event, the plaintiff testified in no uncertain terms during her deposition that she never asked for restricted hours, modified duty, or "any special accommodations" of any kind. If an employer is not required to provide modified duty to a pregnant employee who asks for it (as occurred in Spivey), then clearly an employer is not required to volunteer such modified duty.

In sum, there is no genuine disputed issue of material fact on this record and summary judgment is appropriate.

### III. Conclusion

As stated above, the defendant's motion for summary judgment (doc. 32) is GRANTED. The Clerk is directed to enter judgment in favor of defendant, together with taxable costs, and close this case.

**DONE and ORDERED this 6th day of August, 2010.**

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge